| | | |
|---|---|---|
| SANDRA HENSEL | * | IN THE |
| 6923 Caribou Court | | |
| Waldorf, Maryland 20603 | * | UNITED STATES |
| | | |
| Plaintiff, | * | DISTRICT COURT |
| | | |
| v. | * | FOR THE DISTRICT |
| | * | OF COLUMBIA |
| WARDMAN HOTEL, LLC | | |
| dba Marriott Wardman Park Hotel | * | |
| 2660 Woodley Road, NW | | |
| Washington, DC 20008 | * | Case No.: _____ |
| | | |
| Serve On Resident Agent: | * | |
| | | |
| Corporation Service Company | * | |
| 1090 Vermont Ave., NW | | |
| Washington, DC 20005 | * | |
| | | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Sandra Hensel, by and through her attorneys, Paul V. Bennett, Esq. and Bennett & Ellison, P.C., hereby sues Wardman Hotel, LLC, dba Marriott Wardman Park Hotel, Defendant, (hereinafter referred to as "Wardman" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. (hereinafter referred to as "Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (hereinafter referred to as "ADEA") and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (hereinafter referred to as "ADA") and the DC Human Rights Act of 1977, as amended, DC Code §§ 2-1401.01, *et seq.* (hereinafter referred to as "DCHRA").

2. That all the actions complained of herein took place in Washington, D.C.

3. That at all times relevant hereto, Sandra Hensel, Plaintiff, was an employee of Wardman in Washington, D.C.

4. That Defendant Wardman is a corporation in Washington, DC engaged in the hotel and hospitality industry and employs 15 or more employees and is thus an "employer" within the meaning of Title VII, the ADEA, the ADA and the DCHRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On March 25, 2015, Plaintiff submitted a complaint leading to a Charge of Discrimination with the DC Human Rights Office ("DCHRO"). The DCHRO then cross filed her claims with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue from the EEOC on or about November 4, 2016. Therefore, Plaintiff has properly exhausted her administrative remedies and this complaint has been filed in a timely manner.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is an African-American female.

7. Plaintiff's date of birth is July 15, 1964.

8. Plaintiff was hired by Defendant in 1982 as a Rounds Cook. In 1998, she was promoted to Lead Cook. In 2005, Plaintiff suffered an on-the-job injury resulting in bilateral neuropathy in both arms. She was out of work for approximately five years due to her injuries, and returned to her former position with Defendant in 2010.

9. After returning to work in 2010, Plaintiff worked under an agreement to accommodate her known disability by limiting her lifting of heavy objects on the job. Plaintiff has very limited use of her right hand due to the neuropathy. Although aware of her physical limitations and her disability, Defendant, acting through its managers, has subjected Plaintiff to ongoing hostility and harassment, including, without limitation, daily ridiculing her, questioning why she moves so slowly, and threatening her job due to her moving slowly. These acts of hostility and harassment were carried out by Plaintiff's supervisors, and continued until she was terminated in June 2014.

10. In or about October of 2013, Plaintiff was subjected to racist remarks by a supervisor of the defendant, in which the supervisor remarked, "You are just a black woman; you are just a black African; you are a total nobody to me." Plaintiff complained about this racist remark to the Head Chef, but nothing was done.

11. In April 2014, Plaintiff was subjected to discriminatory remarks by a number of non-African – American employees of the Defendant because Plaintiff is African – American and because she is married to a Caucasian. These remarks included questioning Plaintiff, "Do you think you're special? Do you think you are white because your husband is white?" Plaintiff complained about these racist remarks to her supervisor, the Head Chef, Abdellah Aguenot, but again, nothing was done by management to stop the harassment.

12. Throughout April and May 2014, a number of employees in the kitchen repeatedly and frequently engaged in name calling of Plaintiff, calling her names like "Loca Sandy," "fat," "old," and "ugly." This hostility was so severe and pervasive that it interfered with her ability to carry out her job functions. The hostility was due to her race, due to the fact

that she is married to a Caucasian, due to her age, and/or due to her medical condition. As things became increasingly difficult for Plaintiff to function in the kitchen due to the ongoing hostility, the Head Chef failed to take any corrective action, even though the name calling and heckling often occurred in his presence.

13. In May of 2014, Plaintiff advised the Head Chef that she intended to file a complaint of discrimination and harassment with Defendant's Human Resources office. The Head Chef advised Plaintiff at that time that "HR doesn't like black people or Muslims." He suggested that Plaintiff should pray on the matter before doing anything and handed Plaintiff a written "serenity prayer." Plaintiff subsequently contacted the Wardman Human Resources Department in May of 2014 and complained about the ongoing discrimination and harassment on the job.

14. On June 4, 2014, Plaintiff was falsely accused of throwing food or a tray of food at a co-worker, Adjowa Sevon, which Defendant had to know could not have been true given Plaintiff's disability and physical limitations. Nevertheless, she was summarily discharged and refused rehire.

15. Other employees accused of physically confronting co-workers, such as what Plaintiff was falsely accused of, were not summarily discharged or were subsequently allowed to return to work. Those employees were of differing races, religions, age category, and/or national origin to Plaintiff.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

# COUNT I
## RACE DISCRIMINATION
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e et seq.

16. Plaintiff hereby restates and incorporates paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race (African-American).

18. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

19. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African-American).

20. That the unlawful employment practices complained of above were intentional.

21. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

22. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

23. Other employees, including without limitation, Norma Escobar (Hispanic) and Somali Nur (Middle Eastern) had in the recent past been accused of physically assaulting other employees at Wardman, but were either not fired, or if fired, were subsequently rehired.

24. Wardman improperly and illegally based its decision as to who to discipline, including who to rehire or fire, based on their race. Plaintiff was falsely accused of physically

assaulting a co – employee and terminated without rehire on the grounds of her race (African-American).

### COUNT II
### RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e et seq.

25. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

26. Plaintiff's repeated complaints to the Head Chef, and to Human Resources in the spring of 2014, regarding discrimination and harassment, constituted legally protected activities under Title VII.

27. The subsequent acts of Plaintiff's employer in refusing to address the discriminatory and harassing treatment, and then summarily terminating Plaintiff on the false pretense that she had engaged in an act she was physically incapable of doing, amounted to illegal retaliation.

28. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her race.

29. That the unlawful employment practices complained above were intentional.

30. That the retaliatory employment practices as set forth above has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

31. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT III
### AGE DISCRIMINATION
### Age Discrimination in Employment Act
### 29 U.S.C. § 621, et seq.

32. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

33. Plaintiff was subjected to disparate treatment and hostility due to her age.  Younger individuals were not treated in a similar manner. Carl Gadberry, age approximately forty five (45) an employee of the Defendant, had assaulted another employee, but was not terminated or refused rehire. Norma Escobar, age approximately thirty five (35), an employee of the Defendant, had assaulted another employee, but was not terminated or refused rehire.

34. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her age.

35. That the aforementioned acts constitute unlawful practices pursuant to The Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*.

36. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

37. That the unlawful employment practices complained of above were intentional.

38. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

39. That the intentional discriminatory actions of Defendant, as alleged above, were done

with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT IV
## HOSTILE WORK ENVIRONMENT
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e et seq.

40. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

41. Plaintiff was subjected to ongoing hostility from her co-workers, which became a daily and constant hostile situation throughout April and May of 2014.

42. The hostility was so severe and pervasive, that it caused Plaintiff to suffer severe emotional distress, including frequent bouts of crying and humiliation.  This emotional distress and humiliation occurring while Plaintiff was working in the kitchen made it more difficult for her to carry out her job duties.

43. Management was aware of the hostility, as the hostile actions of her co-workers occurred in the presence of the Head Chef, who was viewed by the employees as having managerial power.  Indeed, Plaintiff had complained to the Head Chef repeatedly about the way she was being mistreated at work, but without any action being taken by management to undertake to alleviate the hostility towards her.

44. The hostility directed towards Plaintiff was expressly stated to be due to her age, race, her husband's race, and due to her disability.

45. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee

because of her race, age, her husband's race, and due to her disability.

47. That the unlawful employment practices complained of above were intentional.

48. That the hostile and discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

**COUNT V**
**DISABILITY DISCRIMINATION**
**Americans With Disabilities Act of 1990**
**42 U.S.C. § 12101, et. seq.**

49. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

50. Plaintiff was subjected to disparate treatment and hostility due to her disabilities. Individuals who were not disabled were not treated in a similar manner. Other employees, including without limitation, Norma Escobar, Somali Nur and Carl Gadberry, with no known disabilities, had in the recent past been accused of physically assaulting other employees at Wardman, but were either not fired, or if fired, were subsequently rehired. These same individuals were also not subjected to the same hostile work environment, including the taunting and humiliation, to which Plaintiff was allowed to be subjected.

51. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her disabilities.

52. That the aforementioned acts constitute unlawful practices pursuant to The Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*.

53. That the effect of the practices complained of above was to deprive Plaintiff of equal

employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

54. That the unlawful employment practices complained of above were intentional.

55. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

56. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT VI
## RACE DISCRIMINATION
## DC Human Rights Act
**DC Code §§ 2-1401.01 et seq**.

57. Plaintiff hereby restates and incorporates paragraphs 1 through 15 of this Complaint as though fully set forth herein.

58. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race (African-American).

59. That the aforementioned acts constitute unlawful practices pursuant to the DCHRA.

60. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African-American).

61. That the unlawful employment practices complained of above were intentional.

62. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

63. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

64. Other employees, including without limitation, Norma Escobar (Hispanic) and Somali Nur (Middle Eastern) had in the recent past been accused of physically assaulting other employees at Wardman, but were either not fired, or if fired, were subsequently rehired.

65. Wardman improperly and illegally based its decision as to who to discipline, including who to rehire or fire, based on their race. Plaintiff was falsely accused of physically assaulting a co – employee and terminated without rehire on the grounds of her race (African-American).

## COUNT VII
## RETALIATION
## DC Human Rights Act
## DC Code §§ 2-1401.01 et seq.

66. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

67. Plaintiff's repeated complaints to the Head Chef, and to Human Resources in the spring of 2014, regarding discrimination and harassment, constituted legally protected activities under the DCHRA.

68. The subsequent acts of Plaintiff's employer in refusing to address the discriminatory and harassing treatment, and then summarily terminating Plaintiff on the false pretense that she had engaged in an act she was physically incapable of doing, amounted to illegal retaliation.

69. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based

upon her race.

70. That the unlawful employment practices complained above were intentional.

71. That the retaliatory employment practices as set forth above has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

72. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT VIII
## AGE DISCRIMINATION
## DC Human Rights Act
**DC Code §§ 2-1401.01 et seq**.

73. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

74. Plaintiff was subjected to disparate treatment and hostility due to her age.  Younger individuals were not treated in a similar manner. Carl Gadberry, age approximately forty five (45) an employee of the Defendant, had assaulted another employee, but was not terminated or refused rehire. Norma Escobar, age approximately thirty five (35), an employee of the Defendant, had assaulted another employee, but was not terminated or refused rehire.

75. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her age.

76. That the aforementioned acts constitute unlawful practices pursuant to the DCHRA.

77. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee

because of her age.

78. That the unlawful employment practices complained of above were intentional.

79. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

80. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

### COUNT IX
### HOSTILE WORK ENVIRONMENT
### DC Human Rights Act
### DC Code §§ 2-1401.01 et seq.

81. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

82. Plaintiff was subjected to ongoing hostility from her co-workers, which became a daily and constant hostile situation throughout April and May of 2014.

83. The hostility was so severe and pervasive, that it caused Plaintiff to suffer severe emotional distress, including frequent bouts of crying and humiliation. This emotional distress and humiliation occurring while Plaintiff was working in the kitchen made it more difficult for her to carry out her job duties.

84. Management was aware of the hostility, as the hostile actions of her co-workers occurred in the presence of the Head Chef, who was viewed by the employees as having managerial power. Indeed, Plaintiff had complained to the Head Chef repeatedly about the way she was being mistreated at work, but without any action being taken by management to undertake to alleviate the hostility towards her.

85. The hostility directed towards Plaintiff was expressly stated to be due to her age, race, her husband's race, and due to her disability.

86. That the aforementioned acts constitute unlawful practices pursuant to the DCHRA.

87. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, age, her husband's race, and due to her disability.

88. That the unlawful employment practices complained of above were intentional.

89. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

## COUNT X
## DISABILITY DISCRIMINATION
**DC Human Rights Act**
**DC Code §§ 2-1401.01 et seq**.

90. Plaintiff hereby restates and incorporates paragraphs 1- 15 of this Complaint as though fully set forth herein.

91. Plaintiff was subjected to disparate treatment and hostility due to her disabilities. Individuals who were not disabled were not treated in a similar manner. Other employees, including without limitation, Norma Escobar, Somali Nur and Carl Gadberry, with no known disabilities, had in the recent past been accused of physically assaulting other employees at Wardman, but were either not fired, or if fired, were subsequently rehired. These same individuals were also not subjected to the same hostile work environment, including the taunting and humiliation, to which Plaintiff was allowed to be subjected.

92. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her disabilities.

93. That the aforementioned acts constitute unlawful practices pursuant to the DCHRA.

94. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

95. That the unlawful employment practices complained of above were intentional.

96. That the discriminatory actions, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

97. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Sandra Hensel, Plaintiff, demands judgment against Defendant, Marriott International, in the amount of two hundred fifty thousand dollars ($250,000.00) as compensatory damages, five hundred thousand dollars ($500,000.00) in punitive damages, plus prejudgment interest, attorney's fees, costs, and for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____
Paul V. Bennett, Esq., DC Bar No. 427358
Bennett & Ellison, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Telephone: (410) 974-6000
Facsimile: (410) 224-4590
Email: pbennett@belawpc.com

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| SANDRA HENSEL<br>6923 Caribou Court<br>Waldorf, Maryland 20603 | * | IN THE |
| | * | UNITED STATES |
| Plaintiff, | * | DISTRICT COURT |
| v. | * | FOR THE DISTRICT |
| | * | OF COLUMBIA |
| WARDMAN HOTEL, LLC<br>dba Marriott Wardman Park Hotel<br>2660 Woodley Road, NW<br>Washington, DC 20008 | * | |
| | * | Case No.: _____ |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### **Prayer for a Jury Trial**

Sandra Hensel, Plaintiff, hereby requests a trial by jury in the above referenced matter for all Counts triable by right thereof.

Respectfully submitted,

_____
Paul V. Bennett, Esq., DC Bar No. 427358
Bennett & Ellison, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Telephone: (410) 974-6000
Facsimile: (410) 224-4590
Email: pbennett@belawpc.com

*Attorneys for Plaintiff*